**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Fidel GARZA, Defendant–Appellant.**

No. 06–41190
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 20, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

L. Aron Pena, Law Offices of L. Aron Pena, Edinburg, TX, for Defendant–Appellant.

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Fidel Garza appeals the 120–month sentence following his guilty-plea conviction to possession of a firearm by a convicted

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

felon. Garza asserts that he was deprived of due process and his right to a jury trial because he was sentenced based on findings not admitted by him and not determined by a jury contrary to the holdings in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He asserts that his rights under the Fifth and Sixth Amendments were violated. A district court can make all factual findings necessary to determine a post-*Booker* sentence based on the preponderance of the evidence and such findings do not violate the Sixth Amendment. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir.2005). *Mares* also implicitly rejected any claim based on the Fifth Amendment. *Id.*

Garza also contends that the district court improperly calculated the applicable guideline range for his case. Garza bases his assertions on misstatements of the district court's consideration of the Sentencing Guidelines. To the extent that Garza is attempting to raise a challenge to the guideline calculations that is distinct from the constitutional argument noted above, he has not explained why the district court's calculations were incorrect and thus has failed to adequately brief any such argument. Counsel's brief need not be liberally construed to find such an argument. *See Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir.1986). The judgment of the district court is AFFIRMED.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.